# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSEPH Y. HONG,  )
                     )
             Appellant,  )    Appeal No.: 2:11-cv-00195-GMN-RJJ
    vs.  )
                     )    BK Case No.: BK-S-09-23887-LBR
JOHN R. MCMILLAN,  )
                     )          **ORDER**
             Appellee.  )
_____ )

        Before the Court is a Motion to Dismiss Appeal as Untimely (ECF No. 3) filed by Appellee John R. McMillan on February 24, 2011.  Appellant has not filed a Response to the Motion to Dismiss.  For the reasons that follow, the Motions to Dismiss will be GRANTED.

## I.      BACKGROUND

        Appellant filed a Notice of Appeal from Bankruptcy Court (ECF No. 3) on February 3, 2011.  Shortly thereafter, on February 24, 2011, Appellee filed the instant Motion to Dismiss (ECF No. 3).  Pursuant to D. Nev. R. 7-2(b), Appellant had fourteen days after service of the Motion to file a Response; therefore, Appellant had until March 13, 2011 to file a Response.  Not only did Appellant fail to meet this deadline, Appellant has failed to file any Response at all.  Further, Appellant has failed to file a Certificate of Interested Parties, even though that Certificate was due on February 13, 2011, (*see* ECF No. 1).

## II.     DISCUSSION

        Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the

motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Appellant's failure to respond to Appellee's Motion to Dismiss has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Appellant because it appears that this bankruptcy appeal would not have been decided on the merits anyway, as this action appears to have been filed one to two days after the fourteen-day window for filing an appeal had closed.  These four factors outweigh factor (4) and, accordingly, Appellee's Motion to Dismiss (ECF No. 3) will be granted.

## **CONCLUSION**

IT IS HEREBY ORDERED that Appellee's Motion to Dismiss (ECF No. 3) is

/ / /

GRANTED.  This bankruptcy appeal is dismissed without prejudice.

DATED this 1st day of June, 2011.

_____
Gloria M. Navarro
United States District Judge